THE STATE, EX REL. WOOTEN, *v.*
INDUSTRIAL COMMISSION OF OHIO, ET AL.

(No. 81AP-875—Decided
November 23, 1982.)

*Shapiro, Kendis & Assoc. Co., L.P.A.,*
and *Mr. Alan J. Shapiro,* for relator.

*Mr. William J. Brown,* attorney general, *Mr. Bradley J. Finn* and *Mr. Lee Smith,* for respondents.

McCORMAC, J. Relator, Floyd L. Wooten, commenced a mandamus action in this court to order the Industrial Commission to allow change of occupation benefits provided by R.C. 4123.57(D) to apply to claimant's injury of carcinoma of the lungs from chromate exposure. Relator claims the Industrial Commission abused its discretion in not allowing those benefits to him because, as a matter of law, change of occupation benefits apply to claims allowed pursuant to R.C. 4123.68(X). Respondents, the Industrial Commission of Ohio and Diamond Shamrock Corporation, deny any abuse of discretion.

The evidence submitted is the Industrial Commission claim file of relator.

The issue is solely one of law. There are no factual disputes.

Relator's claim was allowed for carcinoma of the lungs from chromate exposure pursuant to R.C. 4123.68(X). Thereafter, he filed a request for a change of occupation award pursuant to R.C. 4123.57(D). The claimed benefits were allowed by the district hearing officer and by the Cleveland Regional Board of Review, but were reversed by the Industrial Commission.

Relator's occupational disease claim for chromate exposure was allowed pursuant to R.C. 4123.68(X), which provided, on the pertinent date of October 3, 1967, as follows:

"(X) All other occupational diseases: A disease peculiar to a particular industrial process, trade, or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment.

"All conditions, restrictions, limitations, and other provisions of this section, with reference to the payment of compensation or benefits on account of silicosis, shall be applicable to the payment of compensation or benefits on account of any other occupational disease of the respiratory tract resulting from injurious exposures to dusts, except berylliosis."

R.C. 4123.68(W) described benefits and limitations applicable to silicosis claims, but made no specific reference to R.C. 4123.57(D).

R.C. 4123.57(D), effective October 1, 1963, provided as follows:

"If an employee makes application for a finding and the commission finds that he has contracted silicosis as defined in division (W) of section 4123.68 of the Revised Code, and that a change of such employee's occupation is medically advisable

in order to decrease substantially further exposure to silica dust and if such employee, after such finding, has changed or shall change his occupation to an occupation in which the exposure to silica dust is substantially decreased, the commission shall allow to such employee forty-nine dollars per week for a period of thirty weeks * * *."

It is undisputed that relator fully complied with all requirements for change of occupation benefits, pursuant to R.C. 4123.57(D), had his allowed condition been silicosis instead of the respiratory disease of chromate exposure. The issue is then whether the provision of R.C. 4123.68(X), pertaining to all other occupational diseases, including chromate exposure, which states that all conditions and provisions with reference to the payment of compensation or benefits on account of silicosis shall be applicable to the payment of compensation for chromate exposure, another disease of the respiratory tract, is intended to include benefits for change of occupation awards made specifically applicable to silicosis claims by R.C. 4123.57(D).

Respondents argue that, since R.C. 4123.57(D) makes change of occupation benefits applicable specifically to silicosis and not to any other disease of the respiratory tract, its benefits are limited to silicosis and not applicable to other respiratory diseases.

Relator argues that the chromate exposure disease claim was allowed pursuant to R.C. 4123.68(X), which specifically incorporates all compensation and benefits payable on account of silicosis, one of which was the benefits provided by R.C. 4123.57(D). Relator argues that an additional reference in R.C. 4123.57(D) to other disease of the respiratory tract covered by R.C. 4123.68(X) was unnecessary and would have been redundant.

R.C. 4123.95 provides as follows:

"Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees."

It was unnecessary to specifically refer to diseases of the respiratory tract other than silicosis in R.C. 4123.57(D), as R.C. 4123.68(X) and 4123.68(W) already allow all benefits applicable to silicosis to be applicable to a disease of the respiratory tract from chromate exposure pursuant to R.C. 4123.68(X).

The Industrial Commission abused its discretion in denying relator's application for change of occupation benefits pursuant to R.C. 4123.57(D).

A writ of mandamus is issued ordering the Industrial Commission to allow relator's claim for change of occupation benefits pursuant to R.C. 4123.57(D).

*Writ allowed.*

REILLY and NORRIS, JJ., concur.