THE STATE EX REL. BOWMAN, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Bowman v. Indus.
Comm.* (1992), 65 Ohio St.3d 317.]

(No. 91–2455—Submitted October 13, 1992—Decided December 14, 1992.)

318

*Butkovich, Schimpf, Schimpf & Ginocchio* and *J. Kent Breslin*, for appellee.

*Lee I. Fisher*, Attorney General, and *Scott A. Armour*, Assistant Attorney General, for appellants.

*Per Curiam.* In the application of former R.C. 4123.68 to an allowed condition, there is an important distinction between "industrial asthma" and "industrial asthma acquired from exposure to dry chemicals and dust." Former R.C. 4123.68(Y) stated:

" * * * Compensation and medical, hospital, and nursing expenses on account of silicosis, asbestosis, or coal miners' pneumoconiosis are payable *only* in the event of temporary total disability, permanent total disability, or death * * *." (Emphasis added.) (137 Ohio Laws, Part II, 3958.)

Subdivision (BB) also read:

"All other occupational diseases: A disease peculiar to a particular industrial process, trade, or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment.

"All conditions, restrictions, limitations, and other provisions of this section, with reference to the payment of compensation or benefits on account of silicosis or coal miners' pneumoconiosis shall be applicable to the payment of compensation or benefits on account of any other occupational disease of the respiratory tract resulting from injurious exposures to dust." (137 Ohio Laws, Part II, 3960.)

The January 12, 1988 modification of the allowance of appellee's claim to include "acquired by exposure to * * * dust" statutorily precluded claimant

from receiving permanent partial disability compensation. Former R.C. 4123.-68. As the appellate court correctly found, this action constituted an abuse of discretion for two reasons.

The commission's continuing jurisdiction under R.C. 4123.52 is not unlimited. There must be: (1) new and changed circumstances subsequent to the initial order (*State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston* [1979], 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383); (2) fraud (*State ex rel. Kilgore v. Indus. Comm.* [1931], 123 Ohio St. 164, 174 N.E. 345); (3) clerical error (*State ex rel. Weimer v. Indus. Comm.* [1980], 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149); or (4) error by an inferior administrative tribunal or subordinate hearing officer (see *State ex rel. Manns v. Indus. Comm.* [1988], 39 Ohio St.3d 188, 529 N.E.2d 1379).

None of these factors exists here. Of the four, the last would appear the most applicable, but there has been no allegation either that the first district hearing officer meant to include, but inadvertently omitted, the additional language or that the allowance of the claim is defective without it.

The January 12, 1988 order also violated *State ex rel. Mitchell, supra,* since it did not specify the evidence on which the hearing officer relied to conclude that claimant's condition was dust-induced. Vacation of the order is thus appropriate for this reason.

Accordingly, the judgment of the appellate court allowing the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.