The State ex rel. Martin, Appellee, *v.* Industrial
Commission of Ohio, Appellant, et al.

[Cite as *State ex rel. Martin v. Indus. Comm.,*
99 Ohio St.3d 280, 2003-Ohio-3625.]

(No. 2002–1535—Submitted April 29, 2003—Decided July 23, 2003.)

**Per Curiam.**

{¶ 1} Appellee-claimant Ellen D. Martin's workers' compensation claim has been allowed as an occupational disease for "fume/vapor upper respiratory inflammation." In late 2000, she moved appellant Industrial Commission of Ohio for change-of-occupation benefits pursuant to R.C. 4123.57(D) and 4123.68. The commission denied that request because claimant's condition was not caused by dust.

{¶ 2} Claimant petitioned the Court of Appeals for Franklin County for a writ of mandamus. The court granted a limited writ ordering the commission to determine whether claimant's condition was dust-induced without considering the description of the claim allowance to be conclusive.

{¶ 3} This cause is now before this court upon an appeal as of right.

{¶ 4} R.C. 4123.57(D) reads:

{¶ 5} "If an employee of a state fund employer makes application for a finding and the administrator finds that the employee has contracted silicosis * * * or coal miners' pneumoconiosis * * * or asbestosis * * * and that a change of such employee's occupation is medically advisable in order to decrease substantially further exposure to silica dust, asbestos, or coal dust and if the employee, after the finding, has changed or shall change the employee's occupation to an occupation in which the exposure to silica dust, asbestos, or coal dust is substantially decreased, the administrator shall allow the employee an amount equal to fifty per cent of the statewide average weekly wage per week for a period of thirty weeks * * *."

{¶ 6} R.C. 4123.68 also provides:

{¶ 7} "All conditions, restrictions, limitations, and other provisions of this section, with reference to the payment of compensation or benefits on account of silicosis or coal miners' pneumoconiosis apply to the payment of compensation or

benefits on account of any other occupational disease of the respiratory tract resulting from injurious exposures *to dust*." (Emphasis added.) Id., paragraph following subsection (AA).

{¶ 8} In *State ex rel. Middlesworth v. Regal Ware, Inc.* (2001), 93 Ohio St.3d 214, 754 N.E.2d 774, we declared that these two sections must be read together in considering eligibility for compensation. Consequently, claimants with dust-induced respiratory occupational diseases are now eligible for change-of-occupation benefits if all other conditions are met.

{¶ 9} The present claim is allowed for "*fume/vapor* upper respiratory inflammation." There is no reference to dust. Claimant nevertheless asserts entitlement to change-of-occupation benefits on two bases. She initially proposes that *all* respiratory occupational diseases are eligible for change-of-occupation benefits, citing *State ex rel. Wooten v. Indus. Comm.* (1982), 8 Ohio App.3d 296, 8 OBR 391, 456 N.E.2d 1248. *Wooten,* however, was decided before *Middlesworth,* which specifically acknowledged the statutory requirement that the disease be dust-induced.

{¶ 10} Claimant alternatively proposes that causation by dust is not excluded, since a chemist emphasized the presence of workplace dust in his report. This, too, is unpersuasive. Every word in a claim's allowance has meaning. *State ex rel. Saunders v. Metal Container Corp.* (1990), 52 Ohio St.3d 85, 556 N.E.2d 168. Language cannot therefore be added or deleted informally, and we have expressly said this of dust and dust-inducement. *State ex rel. Bowman v. Indus. Comm.* (1992), 65 Ohio St.3d 317, 603 N.E.2d 1000.

{¶ 11} Claimant validly observes that the mere absence of a reference to dust in the claim's allowance does not exclude compensation under R.C. 4123.57(D). For this reason, the court in *Middlesworth*—after expanding change-of-occupation eligibility—ordered the commission to determine whether "interstitial pulmonary fibrosis with bilateral apical lung disease" was dust-related.

{¶ 12} In the present case, the commission has already determined the reason for claimant's respiratory inflammation—exposure to fumes and vapors. It has already performed the step missing in *Middlesworth.* It has reviewed the medical evidence and was persuaded that fumes and vapors *alone* precipitated claimant's occupational disease. There is no more to be determined, and for this reason, there is no need for an order to the commission to further consider the claim.

{¶ 13} The judgment of the court of appeals is reversed, and the order of the commission is reinstated.

*Judgment reversed.*

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

RESNICK, F.E. SWEENEY and PFEIFER, JJ., dissent.

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 14} I would affirm the judgment of the court of appeals.

F.E. SWEENEY and PFEIFER, JJ., concur in the foregoing dissenting opinion.

Granger Co., L.P.A., and Mark S. Granger, for appellee.

Jim Petro, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellant.

Littler Mendelson, P.C., and Michael A. Womack, for Columbus Fair Auto Auction, Inc.