THE STATE, EX REL. SAYRE, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as State, ex rel. Sayre, v. Indus. Comm., 17 Ohio St. 2d 57.]

(No. 68-450—Decided March 12, 1969.)

*Messrs. Larrimer & Larrimer* and *Mr. Craig Aalyson,* for appellee.

*Mr. Paul W. Brown,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. Robert J. Dodd, Jr.,* for appellant.

HERBERT, J. This appeal involves the interpretation of Section 4123.57 (D), Revised Code, which, at the applicable time, read in pertinent part:

"If an employee makes application for a finding and the commission finds that he has contracted silicosis as defined in division (W) of Section 4123.68 of the Revised Code, and that a change of such employee's occupation is medically advisable in order to decrease substantially further exposure to silica dust and if such employee, after such finding, has changed or shall change his occupation to an occupation in which the exposure to silica dust is substantially decreased, the commission shall allow to such employee forty-nine dollars per week for a period of thirty weeks, commencing as of the date of such discontinuance or change, and for a period of seventy-five weeks immediately following the expiration of such period of thirty weeks the commission shall allow such employee sixty-six and two-thirds per cent of the loss of wages resulting directly and solely from such change of occupation but not to exceed a maximum of forty dollars and twenty-five cents per week. No such employee shall be entitled to re-

ceive more than one allowance on account of discontinuance of employment or change of occupation and benefits shall cease for any period during which such employee is employed in an occupation in which the exposure to silica dust is not substantially less than the exposure in the occupation in which he was formerly employed or for any period during which such employee may be entitled to receive compensation or benefits under Section 4123.68 of the Revised Code on account of disability from silicosis. * * *"

Respondent argues that the above language limits payment of compensation for discontinuance of employment to the 30-week period, that the 75-week period applies only to payment based upon the difference between income from the former occupation and a new or changed occupation, and that the latter award is only payable if the 75-week period follows "immediately" after the 30-week period.

Relator contends that such interpretation would deny compensation to a claimant who has diligently sought the required new work, but, due to his disability, has been unable to find it, and that this unfair result is contrary to the basic purpose and intent of the Workmen's Compensation Act.

The statutory language here concerned is less than clear and warrants the scrutiny of the General Assembly.

In reviewing the statute's legislative history, we note that it was first enacted in 1943 (120 Ohio Laws 449, 459) and then provided:

"If the 'silicosis referees' provided for by Section 1465-68a [General Code] shall find that an employee has contracted silicosis as defined in the parenthetical definition in sub-division 22 of Section 1465-68a and that a change of such employee's occupation is medically advisable in order to eliminate further exposure to silica dust and if such employee shall thereupon *change or discontinue* such occupation, the Industrial Commission shall allow to such employee, on account of *such change of his occupation*, the sum of ten dollars per week for twenty-six weeks, but no such employee shall be entitled to receive more than one allowance for change of occupation, and the

Industrial Commission may accord to such employee medical and other benefits as it may deem proper, in accordance with the provisions of Section 1465-89. * * *'' (Emphasis added.)

As can be seen, the General Assembly first provided that a discontinuance of occupation was to be treated the same as a change thereof and the allowable benefits were identical.

The first pertinent amendment to the statute became effective in 1949 (123 Ohio Laws 250, 255) and it then read:

"If the 'silicosis referees' provided for by Section 1465-68a of the General Code, shall find that an employee has contracted silicosis as defined in the parenthetical definition in sub-division 22 of Section 1465-68a of the General Code, and that a change of such employee's occupation is medically advisable in order to decrease substantially further exposure to silica dust and if such employee shall, within a period of 3 months thereafter, *discontinue employment or change his occupation* to an occupation in which the exposure to silica dust is substantially decreased, the Industrial Commission shall allow to such employee, the sum of twenty dollars per week for a period of thirty weeks, commencing as of the date of such *discontinuance or change* and for a period of seventy-five weeks immediately following the expiration of such period of thirty weeks the Industrial Commission shall allow such employee 66 2/3% of the loss of wages, if any, resulting directly and solely from *such change of occupation* but not to exceed a maximum of twenty dollars per week. No such employee shall be entitled to receive more than one allowance on account of *discontinuance of employment or change of occupation* * * *.'' (Emphasis added.)

If the above language had remained unaltered, respondent's present position would be more tenable. As the statute read following the amendment in 1949, it was quite arguable that the 75-week award was only applicable to those claimants who had secured other work within three months of the medical finding and had suffered a resultant diminution of income,

In 1954, this court decided the case of *State, ex rel. Nemeth,* v. *Indus. Comm.* (1954), 161 Ohio St. 179, and interpreted the three-month time provision of the 1949 amendment. Following the *Nemeth* decision, in 1955 the General Assembly again amended the statute (126 Ohio Laws 1015, 1032-33) in what may have been an attempt to remedy the problem noted in that case. In so doing, however, the statute's provisions relating to the question now before us were significantly altered. In the 1955 amendment, the language appeared as follows:

"If within three months before or after a *change of occupation* an employee shall make application for a finding and the silicosis referees provided for by Section 4123.68 of the Revised Code, find that an employee has contracted silicosis as defined in division (W) of Section 4123.68 of the Revised Code, and that a *change of such employee's occupation* is medically advisable in order to decrease substantially further exposure to silica dust and if such employee, within a period of three months before filing such application or within a period of three months after such finding has *changed or shall change his occupation* to an occupation in which the exposure to silica dust is substantially decreased, the commission shall allow to such employee forty dollars and twenty-five cents per week for a period of thirty weeks, commencing as of the date of *such discontinuance or change,* and for a period of seventy-five weeks immediately following the expiration of such period of thirty weeks the commission shall allow such employee sixty-six and two-thirds per cent of the loss of wages resulting directly and solely from *such change of occupation* but not to exceed a maximum of twenty-five dollars per week. No such employee shall be entitled to receive more than one allowance on account of *discontinuance of employment or change of occupation* and benefits shall cease for any period during which such employee is employed in an occupation in which the exposure to silica dust is not substantially less than the exposure in the occupation in which he was formerly employed or for any period during which such employee may be entitled to receive compensation under Section 4123.68 of the Revised

Code on account of disability from silicosis. * * * '' (Emphasis added.)

With this amendment, the statute clearly appeared to consider ''discontinuance'' of occupation and ''change'' of occupation to be synonymous. After previously referring to ''change of occupation'' three times, the General Assembly retained the former words ''*such* discontinuance or change,'' thereby leaving little doubt that ''dicontinuance or change'' referred back to the previous usage of ''change of occupation.''

The statute was again seized upon by the General Assembly in 1959 (128 Ohio Laws 743, 761). The resultant amendment comprises the language applicable to the instant case, as set forth at the beginning of this decision. As can be seen, the three-month provision was deleted altogether, but the dual meaning readily attributable to the word ''change'' remains.

As in any case involving disputed statutory construction, it may be here argued that the General Assembly did not intend to effect the result which transpired or that the mechanism of legislative procedure is just as subject to technical error as are our other two branches of government. However, the rectification of linguistic legislative slippage is generally a legislative function, and where a section of the Workmen's Compensation Act will bear two reasonable but opposing interpretations, the one favoring the claimant must be adopted. Section 4123.95, Revised Code. See *State, ex rel. Nemeth,* v. *Indus. Comm., supra.*

In our opinion, the present language of Section 4123.-57 (D), Revised Code, requires that where an employee discontinues all employment and there is a medical finding by the Industrial Commission that he has contracted silicosis and a change of occupation is advisable, such employee is entitled to the prescribed compensation both for 30 weeks and for such portions of the next 75 weeks in which he has attempted, with reasonable diligence, to obtain the necessary new employment. This diligence must be shown in order to satisfy the statutory requirement that the loss of wages has resulted ''directly and solely'' from the conditions which precipitated the discontinuance.

The judgment of the Court of Appeals as modified herein is affirmed and the Industrial Commission is directed to determine the amount of compensation, if any, which is due relator in accordance with this decision.

*Judgment accordingly.*

TAFT, C. J., ZIMMERMAN, O'NEILL and SCHNEIDER, JJ., concur.

MATTHIAS, J., concurs in the syllabus but dissents from the judgment.

DUNCAN, J., not participating.