The STATE ex rel. EARLY

v.

INDUSTRIAL COMMISSION of Ohio et al.

[Cite as *State ex rel. Early v. Indus. Comm.* (1995), 103 Ohio App.3d 199.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APD01–82.

Decided May 2, 1995.

*Gallon & Takacs Co., L.P.A.,* and *Theodore A. Bowman,* for relator.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for respondent Industrial Commission of Ohio.

*Bugbee & Conkle* and *Robert P. King,* for respondent Standard Oil of Ohio.

PETREE, Judge.

In this original action, relator, Donald J. Early, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the August 26, 1992 order of its staff hearing officers who denied relator's September 26, 1990 motion for the payment of R.C. 4123.57(D) compensation for a change of his occupation, and to enter an order granting the payment of the first thirty weeks of compensation under R.C. 4123.57(D).

Pursuant to Civ.R. 53 and Loc.R. 11 of the Tenth District Court of Appeals, this matter was referred to a referee who has rendered a report recommending that this court deny relator's request for a writ of mandamus.

The facts of this matter are as follows. On September 9, 1986, relator filed an occupational disease claim, alleging that he had contracted asbestosis through repeated exposure to asbestos while employed with respondent, Standard Oil of Ohio, a self-insured employer under Ohio's workers' compensation laws. On February 23, 1988, the question of the claim's allowance and the payment of compensation and benefits was heard by a district hearing officer. The claim was allowed for "pleural pulmonary asbestosis, mild restrictive pulmonary disease"; however, the district hearing officer found that relator was not temporarily and totally disabled.

Relator administratively appealed to the Toledo Regional Board of Review. Following a September 7, 1988 hearing, the regional board modified the district hearing officer's order to include the payment of temporary total disability compensation from August 31, 1987 "to present."

The employer administratively appealed the regional board's order. Following a March 2, 1989 hearing, two commission staff hearing officers issued an order vacating the regional board's order and reinstating the district hearing officer's order.

On September 26, 1990, relator filed a motion for the payment of R.C. 4123.57(D) change of occupation benefits based on an alleged date of disability of April 16, 1987. Following an April 15, 1991 hearing, a district hearing officer issued the following order:

"It is the finding of the district hearing office[r] that claimant's motion filed September 26, 1990 is granted to the following extent:

"Claimant is to receive pursuant to ORC 4123.57(D) an award of Thirty (30) weeks of compensation due to change in claimant's occupation; said change was medically necessary to decrease substantially further exposure to asbestos.

"Wage loss/change of occupational benefits to be awarded from 4/16/87 through expiration of statutory thirty (30) weeks award pursuant to ORC 4123.57(D).

"Based on the reports of Drs. Ali, Berlacher, Neufeld, Mahaboob."

Both relator and the employer administratively appealed to the regional board. Following a September 11, 1991 hearing, the regional board issued the following order:

" * * * The Board modifies the District Hearing Officer's Order of April 15, 1991, and finds that claimant is *not* entitled to collect temporary total compensation and wage loss compensation for the same period of time, as claimant has

already received temporary total compensation for the period August 31, 1987, to June 26, 1989. Wage loss compensation is not payable for the period April 16, 1987, to August 31, 1987 because wage loss motion was filed on September 26, 1990. Compensation may not be paid more than 2 (two) years retroactively." (Emphasis *sic.*)

Relator administratively appealed the regional board's order. Following an August 26, 1992 hearing, two commission staff hearing officers issued the following order:

"It is the order of the Staff Hearing Officers that said claimant's appeal be denied and the order of the Regional Board is vacated and the following order put in its place.

"The claimant's request for an award under 4123.57(D), starting April 16, 1987 is denied. 4123.57(D) states that if the claimant *has changed or shall change* his occupation to one with no exposure he is entitled to an award. In this case the claimant does not meet this requirement. The claimant is not actually working in another occupation. Further, there is no indication he shall change his occupation as he took retirement around April 16, 1987, and later social security disability, and testified that he hasn't worked since his last day at Standard Oil. Nor did he indicate that he has made any attempt to look for work in another occupation. It is thus found there is no showing of an intent to change his occupation and work in a different field." (Emphasis *sic.*)

Relator filed this mandamus action contending that the commission abused its discretion by denying him the payment of the first thirty weeks of R.C. 4123.57(D) compensation for the change of his occupation. Before the referee, relator argued that under the Ohio Supreme Court's holding in *State ex rel Sayre v. Indus. Comm.* (1969), 17 Ohio St.2d 57, 46 O.O.2d 297, 245 N.E.2d 827, and R.C. 4123.57(D), relator need only demonstrate that (1) he contracted asbestosis during the course of his employment; (2) a change of occupation is medically advisable in order to decrease substantially further exposure; and (3) he has terminated the employment that exposed him to the asbestos. Relator contended that he had completely complied with the requirements of R.C. 4123.57(D), as the claim had been allowed for asbestosis, he submitted evidence demonstrating that a change of occupation was medically advisable to reduce relator's further exposure to asbestos and he had terminated (retired from) the employment that exposed him to the asbestos. Relator further contended that the commission's denial of the first thirty weeks of change of occupation benefits for the reason that relator did not meet the requirement that he actually worked in another occupation or was actively seeking another occupation was contrary to the Ohio Supreme Court's holding in *Sayre*. Upon review of this matter submitted upon stipulated evidence and upon the briefs of the parties, the referee found that

relator's request for the first thirty weeks of R.C. 4123.57(D) compensation was barred by R.C. 4123.52's prohibition against any award of compensation for a back period in excess of two years prior to the date of filing the application for the compensation. The referee concluded that because the first thirty weeks of compensation under R.C. 4123.57(D), beginning with the alleged disability date of April 16, 1987, fell outside the two-year back period as measured from the September 26, 1990 filing date, R.C. 4123.52 barred the commission from awarding relator the thirty-week period of compensation provided in R.C. 4123.57(D). Accordingly, the referee recommended that this court deny relator's request for a writ of mandamus.

Relator filed objections to the referee's report and recommendation, asserting three arguments: (1) that R.C. 4123.52 should not be applied under the circumstances of this case, because relator "had no reason to apply for R.C. 4123.57(D) change of occupation benefits until after temporary total disability was denied by a Staff Hearing Officer on June 26, 1989" and relator "could not have reasonably been expected to apply for change of occupation benefits any earlier that he did, in view of the fact that he had been previously awarded temporary total benefits and such award was not vacated until more than two years after the date he discontinued work at his former occupation by reason of his occupational disease"; (2) that the referee used R.C. 4123.52 as a means to elude the real issue in the case—the applicability of *Sayre* to the facts of this case; and (3) that the mechanical application of R.C. 4123.52, in conjunction with the commission's reversal of the award of temporary total disability compensation, leaves him without a remedy for his work-related disease.

In objecting to the referee's application of R.C. 4123.52 to the instant case, relator argues that he had no reason to request change of occupation benefits under R.C. 4123.57(D) until after temporary total disability compensation was denied, and that it would have been "pointless" to do so. In effect, relator argues that the two-year statute of limitations set forth in R.C. 4123.52 was tolled during the period when he was receiving temporary total disability compensation. Assuming, without deciding, that relator's proposition regarding the tolling of R.C. 4123.52 is correct, we still must deny relator's request for a writ of mandamus, as he has failed to establish a clear legal right to the issuance of such writ.

Relator contends that he is entitled to benefits pursuant to R.C. 4123.57(D), which stated, in pertinent part:

"If an employee makes application for a finding and the commission finds that he has contracted * * * asbestosis as defined in division (AA) of section 4123.68 of the Revised Code, and that a change of such employee's occupation is medically advisable in order to decrease substantially further exposure to * * *

asbestos * * * and if the employee, after the finding, *has changed or shall change his occupation* to an occupation in which the exposure to * * * asbestos is substantially decreased, the commission shall allow to the employee an amount equal to fifty per cent of the state-wide average weekly wage per week for a period of thirty weeks, commencing as of the date of the discontinuance or change * * *." (Emphasis added.)

According to R.C. 4123.57(D), the commission may award thirty weeks of compensation at fifty percent of the statewide average weekly wage only if three requirements are met: (1) the claimant has contracted asbestosis, silicosis, or coal miners' pneumoconiosis in the course of his or her employment; (2) a change of occupation is medically advisable in order to decrease substantially further exposure; and (3) the claimant has changed or shall change to an occupation where exposure is substantially decreased. See, also, Fulton, Ohio Workers' Compensation Law (1991) 172, Section 8.7. It is clearly stated in R.C. 4123.57(D) that in order to be entitled to change of occupation benefits, an employee must change or shall change his occupation. Relator argues that *Sayre* does not require a claimant to be working in another occupation or to be actively seeking other employment in order to be entitled to the first thirty weeks of change of occupation benefits; claimant must only demonstrate that he has terminated the employment that has exposed him to asbestos. We disagree.

The issue presented in *Sayre* was the claimant's entitlement to compensation under the provision in R.C. 4123.57(D) which affords an additional "period of seventy-five weeks immediately following the expiration of such [initial] period of thirty weeks." The claimant had received the first thirty-week award for the period following the April 3, 1962 discontinuance of his occupation as a coal miner. This thirty-week period ended October 30, 1962. Thereafter, on August 1, 1966, he obtained other employment. He did not apply for the additional seventy-five week award until after August 1, 1966. His application was denied on the ground that the statute only permitted the payment of change of occupation compensation during the one-hundred-five-week period immediately following the initial change of occupation. On appeal, this court held that payment should have been ordered for the seventy-five weeks immediately following the expiration of the thirty-week award ending October 30, 1962. The Supreme Court affirmed this court's decision. Thus, the issue of the claimant's entitlement to the first thirty weeks of benefits was not at issue in *Sayre*; therefore, *Sayre* is distinguishable from the present case.

Furthermore, we do not agree that *Sayre* stands for the proposition espoused by relator that R.C. 4123.57(D) contains no requirement that a claimant must actually be working in another occupation or be actively seeking another occupation in order to be entitled to the first thirty weeks of compensation. To accept

relator's premise would require this court to read the words "the employee * * * has changed or shall change his occupation" completely out of R.C. 4123.57(D). The syllabus of *Sayre* states:

"Where an employee discontinues his employment and there is a finding by the Industrial Commission that his change of occupation is medically advisable due to silicosis, such employee is entitled to the compensation prescribed by Section 4123.57(D), Revised Code, for the 30 weeks following such discontinuance and for those portions of the next 75 weeks in which he has reasonably attempted to obtain the new employment *required by such section.*" (Emphasis added.)

The court clearly notes that new employment, or a reasonable attempt to obtain such employment, is required by the statute. In addition, the fact that an employee must actually change his occupation in order to be entitled to benefits under R.C. 4123.57(D) was confirmed in *State ex rel. Lewis v. Diamond Foundry Co.* (1987), 29 Ohio St.3d 56, 29 OBR 438, 505 N.E.2d 962, wherein the Ohio Supreme Court stated:

"R.C. 4123.57(D) authorizes benefits for partial disability under circumstances which support the medical advisability of an occupational change substantially decreasing the employee's exposure to silica dust, asbestos or coal dust (and the occupational change is in fact made)." *Id.* at 58, 29 OBR at 440–441, 505 N.E.2d at 964–965.

In the instant case, there is no evidence that relator has changed his occupation, nor was he in the process of changing occupations at the time he filed for R.C. 4123.57(D) benefits. Relator's employer offered relator a job as a dispatcher/clerk in a separate, segregated office away from dust, smoke and fumes in the same refinery in Toledo where he was previously employed. Rather than accept this position, relator, after being advised of all his retirement options, including both regular and disability retirement, chose to take a voluntary regular retirement effective May 1, 1988. He subsequently received a Social Security disability retirement. No evidence was offered to establish that relator has either worked or has made any attempt to seek other employment in another occupation since April 1, 1987.

Accordingly, since there was substantial evidence before the commission that relator neither changed his occupation nor made any attempt to look for employment in another occupation, the commission did not abuse its discretion in denying him benefits pursuant to R.C. 4123.57(D).

For the foregoing reasons, we adopt the report and recommendation of the referee and deny the requested writ of mandamus.

*Writ denied.*

BOWMAN, P.J., and TYACK, J., concur.