MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

SWALLOW, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as Swallow *v.* Indus. Comm. (1988), 36 Ohio St. 3d 55.]

(No. 86-2078—Decided April 6, 1988.)

56

57(C) (currently R.C. 4123.57[B]) provided, in pertinent part, that:

*"In cases included in the following schedule the compensation payable per week* to the employee shall be sixty-six and two-thirds per cent of his average weekly wage, but not more than a maximum of fifty per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code per week regardless of the average weekly wage, and not less than twenty-five per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code per week and *shall continue during the periods provided in the following schedule:*

"* * *

"For the loss of an arm, two hundred twenty-five weeks.

"* * *

"For the loss of a leg, two hundred weeks." (Emphasis added.)

The statute does not specify whether the payments are to be made consecutively or concurrently.

Appellant urges that he is a single man with a limited life expectancy and no dependents. In the event of his death no survivor benefits would be forthcoming. He contends further that the award of a consecutive schedule of payments would force him to remain dependent on those family members who provide for his primary daily and medical care. He states that it is to his advantage to have each of the awards paid concurrently, so that he would receive two separate awards for the loss of each arm paid over two hundred twenty-five weeks and two separate payments for loss of both legs paid over two hundred weeks.

Appellant cites as support R.C. 4123.95, which provides, in pertinent part, that:

"Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of em-

*Tablack, Wellman & Jeren* and *John A. Jeren, Jr.,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *James A. Barnes,* for appellee.

*Per Curiam.* Former R.C. 4123.

ployees and the dependents of deceased employees."

This court has held that "where a section of the Workmen's Compensation Act will bear two reasonable but opposing interpretations, the one favoring the claimant must be adopted. Section 4123.95, Revised Code." *State, ex rel. Sayre,* v. *Indus. Comm.* (1969), 17 Ohio St. 2d 57, 62, 46 O.O. 2d 297, 300, 245 N.E. 2d 827, 830.

However, the commission is vested with the authority to formulate policies and standards for administering the Workers' Compensation Act. Section 35, Article II of the Ohio Constitution provides that:

"* * * Laws may be passed establishing a board which may be empowered to classify all occupations, * * * to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all right of claimants thereto. * * *"

It is a well-settled rule that courts, when interpreting statutes, must give due deference to an administrative interpretation formulated by an agency that has accumulated substantial expertise, and to which the General Assembly has delegated the responsibility of implementing the legislative command. *State, ex rel. McLean,* v. *Indus. Comm.* (1986), 25 Ohio St. 3d 90, 25 OBR 141, 495 N.E. 2d 370; *Jones Metal Products Co.* v. *Walker* (1972), 29 Ohio St. 2d 173, 58 O.O. 2d 393, 281 N.E. 2d 1.

Although there may be underlying tension between these two principles, in the instant case the issue is whether the commission formulated a reasonable rule regarding the payment of funds pursuant to R.C. 4123.57(C). The liberal construction provision of R.C. 4123.95 does not necessarily equate with giving an individual claimant what he thinks is best in his partic-ular situation. As the court of appeals noted, the commission had a reasonable basis upon which to formulate a policy premised on the rationale that claimants are generally placed in a better position by receiving payments consecutively rather than concurrently. It was within the administrative purview of the commission to determine that appellant would be put in a better position by receiving eight hundred-fifty weeks of payments consecutively rather than two two-hundred weeks of payments for loss of each leg and two two-hundred twenty-five weeks of payments for loss of each arm concurrently.

In determining whether there has been an abuse of discretion by the commission, this court has stated that a relator must demonstrate that the commission acted from perversity of will, passion, prejudice, partiality, or moral delinquency. *State, ex rel. Brady,* v. *Indus. Comm.* (1986), 28 Ohio St. 3d 241, 28 OBR 322, 503 N.E. 2d 173. Here, appellant cannot sustain this burden.

In order to establish that a writ of mandamus should issue, appellant is required to demonstrate that he has a clear legal right to the relief prayed for. *State, ex rel. Fant,* v. *Sykes* (1986), 28 Ohio St. 3d 90, 28 OBR 185, 502 N.E. 2d 597. Appellant has not shown that the commission abused its discretion by awarding benefits pursuant to R.C. 4123.57(C) on a consecutive weekly basis rather than concurrently and, therefore, has failed to prove a clear legal right to the relief sought.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.