Defendant-appellant Eric Dye appeals from the Jefferson County Common Pleas Court's denial of his suppression motion and from the sentence which was rendered after appellant pled no contest to ten counts of aggravated vehicular assault. For the following reasons, the decision of the trial court is affirmed.
 I. STATEMENT OF FACTS
On March 31, 1996, as appellant was driving west on Route 22 in Jefferson County, he hit a guardrail which caused his hood to fold up and his air bag to deploy. His vehicle then swerved into the median and came to a stop. A passerby ("the Clark vehicle") traveling in the opposite direction stopped to determine if appellant needed assistance. Three men exited the Clark vehicle, leaving two women and two children in the car. Before the men could reach him, appellant drove through the median and hit the Clark vehicle, seriously injuring three of its occupants. Appellant did not stop but began driving east on Route 22. As appellant exited Route 22 at Lovers Lane, he ran a stop sign and crashed into another car ("the Robbins vehicle"), seriously injuring the two adults and two children who were riding in the car. The force of the impact then pushed the Robbins vehicle head on into an oncoming car ("the Verhovic vehicle"), seriously injuring three of its four occupants.
Appellant was immediately arrested and charged with driving under the influence, hit-skip, failure to control, and a stop sign violation, all misdemeanors which were scheduled to be tried in the Jefferson County Court Area No. One in Toronto, Ohio. Appellant's blood alcohol content (BAC) registered .341. On May 16, 1996, appellant was indicted on ten felony counts of aggravated vehicular assault with alcohol specifications. On May 31, 1996, appellant pled no contest to the four misdemeanor charges. Appellant thereafter motioned to dismiss the felony charges on double jeopardy grounds. The trial court denied appellant's motion, and appellant does not appeal from that denial.
On November 22, 1996, appellant filed a motion to suppress andin limine in his felony case arguing that the BAC results should be excluded due to alleged problems with the certificate of approval for the calibration solution. At the suppression hearing, the state argued that because appellant failed to move for suppression in the county court on the DUI charge which was based upon the BAC results, appellant cannot now move for suppression of those results. The court said that it would take the states argument into consideration and allowed appellant to present evidence on the suppression issue. Appellant presented the testimony of Dr. Alfred Staubus who declared that the calibration solution in the batch used to calibrate the machine which tested appellants BAG was not properly approved by the Director of Health.
On December 11, 1996, the trial court overruled appellant's motion to suppress, holding that res judicata bars litigation of a claim which could have been litigated in a prior suit. The next day, appellant pled no contest to all ten counts of aggravated vehicular assault. On January 2, 1997, the court issued an order sentencing appellant to three eighteen-month sentences to run consecutively, one sentence per family. Due to the alcohol specifications, appellant's driver's license was permanently revoked. The within appeal was filed immediately. On May 28, 1997, this court stayed appellant's sentence pending our decision.
 II. ASSIGNMENT OF ERROR NO. ONE
Appellant presents two assignments of error, the first of which provides:
 "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS AND IN LIMINE WITH RESPECT TO THE TEST RESULTS AND TESTIMONY SURROUNDING THE BAG DATAMASTER ON THE BASIS THAT `. . . SINCE THE DEFENDANT-APPELLANT PREVIOUSLY PLED NO CONTEST AND WAS FOUND GUILTY BY THE JEFFERSON COUNTY COURT DISTRICT 1 OF THE UNDERLYING DUI CHARGE AND THAT THE DEFENDANT-APPELLANT WAS BARRED FROM ATTACKING THE CALIBRATION DUE TO RES JUDICATA.' (IN THE COURT OF COMMON PLEAS)"
Appellant was indicted on and pled no contest to ten counts of aggravated vehicular assault which, according to R.C. 2903.08
(A), entails recklessly causing serious physical harm to another while operating a vehicle. Pursuant to the alcohol specification in R.C. 2903.08(B), if the trier of fact finds that the offender was under the influence of alcohol when the offense was committed, then the offender's driver's license is to be permanently revoked. An offender is presumed to have been under the influence of alcohol if test results show a BAG that is over the .100 legal limit. Id. Presumably appellant sought to have his BAG results suppressed in an attempt to avoid the application of the aforementioned presumption which would force the state to produce other evidence of appellants intoxication in order to prove the alcohol specification. Also, according to R.C.2903.08(C), a prison term is mandatory and may not be reduced if the offender was under the influence when he caused the accident.
On appeal, appellant initially argues that his motion to suppress should not have been summarily overruled because Crim.R. 11(B)(2) prohibits using a plea of no contest against a defendant in a subsequent proceeding. However, the court did not use the plea of no contest against appellant. It merely stated that since he failed to raise the suppression issue in his DUI case, he was precluded from seeking suppression in his felony case. Accordingly, the issue is whether res judicata applies to bar a defendant from seeking suppression of evidence in his felony case when that defendant failed to seek suppression of the same evidence in his prior misdemeanor case.
The determination of whether res judicata applies is a question of law which this court decides de novo, without any deference to the trial court. State v. Losey (June 3, 1998) Athens App. No. 97CA43, unreported, 6. The doctrine of res judicata can be split into two branches: issue preclusion and claim preclusion. NewWinchester Gardens, Ltd. v. Franklin County Bd. of Revision
(1997), 80 Ohio St.3d 36, 41.
Issue preclusion, also called collateral estoppel, bars relitigation of issues "actually litigated" and "directly determined" in a previous action between the same parties or those in privity with the original parties. Id. Since the doctrine of collateral estoppel solely precludes the litigation of issues that have previously been "actually litigated," this doctrine is not applicable in the case at bar. Had appellant filed a motion to suppress in his misdemeanor case and had such motion been granted or denied, collateral estoppel would apply because the issue of suppression would have previously been "actually litigated." However, because appellant never sought suppression, the issue was not "actually litigated" or "directly determined."
Claim preclusion or estoppel by judgment bars relitigation of the same cause of action between the same parties or their privies. Id. In the criminal context, it has been held that:
 "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, 180.
The state cites Perry as a case on point and claims that appellant cannot raise the issue of an improper calibration solution at his felony trial because a final judgment has been rendered in his misdemeanor driving under the influence case. Furthermore, the state maintains that appellant's allegation with regards to the calibration solution could have been raised at the misdemeanor trial. Because it was not, the state argues that appellant has waived his right to make such an argument.
However, Perry deals with post-conviction relief, rather than the litigation of a felony case after a plea has been entered in a misdemeanor case arising out of the same incident. Another reason why Perry is inapplicable to the case at bar concerns one interpretation of the aforementioned quote. We interpret that quote from Perry to mean as follows: a conviction bars the defendant from raising in any proceeding dealing with that conviction, except the appeal from that conviction, any defense or allegation of due process that could have been raised at trial before the conviction was entered against the defendant.
In the case at hand, the felony case is not a "proceeding dealing with" the misdemeanor conviction. These proceedings arise out of charges that deal with different behaviors engaged in by appellant. In the misdemeanor case, appellant's charges arose out of driving drunk, leaving the scene of an accident after hitting a car, running stop sign, and losing control of his car by hitting a guardrail. In the felony case, appellant's charges arose out of the serious physical harm that he recklessly caused. Thus, we decline to apply claim preclusion to bar appellant from raising the suppression issue at the felony proceedings even though he failed to raise it at the misdemeanor proceedings.
Normally, we would remand for further proceedings. However, in this case, the court held a suppression hearing and allowed appellant to present his proof. Therefore, we will review appellant's motion to suppress and the transcript of the suppression hearing and determine whether the trial court's denial of appellant's motion to suppress can be upheld on other grounds. See Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93,96 (permitting the reviewing court to affirm a trial court's decision on alternative grounds); Agricultural Ins. Co. v.Constantine (1944), 144 Ohio St. 275, 284 (holding that if a party is entitled to judgment, the fact that the trial court based its decision upon an erroneous reason is unimportant)
Appellant's motion to suppress and in limine alleges that the state failed to follow a proper approval process for batch 95080 of the calibration solution which was used to calibrate the machine that tested appellant's BAC. The state's response to appellant's motion dealt solely with res judicata; however, in response to appellant's discovery motion, the state produced a calibration certificate for batch 95080 signed by the Director of Health. At the suppression hearing, appellant presented the testimony of Dr. Alfred Staubus, a pharmaceutical chemist. Dr. Staubus testified that the Director of Health signed blank calibration solution certificates which were later completed by a Department of Health employee who would enter the batch number in the proper blank after testing was performed on the solution.
On appeal, appellant initially argues that his BAG results should have been suppressed because the calibration solution was not "approved by the Director of Health" as required by administrative rule. Pursuant to O.A.C. 3701-53-04(A), a BAG machine must be calibrated at least once a week "using a solution of ethyl alcohol approved by the Director of Health." Appellant contends that the director's act of signing blank calibration certificates which were completed by a delegate of the director after testing of samples from each batch, does not constitute approval of the solution by the director.
However, the state is only required to demonstrate substantial compliance with administrative rules and regulations, not strict compliance. Defiance v. Kretz (1991), 60 Ohio St.3d 1, 3. If the state shows substantial compliance, then the defendant has the burden to show that he was prejudiced by the failure to strictly comply. State v. Plummer (1986), 22 Ohio St.3d 292, 295. Moreover, courts give great deference to an administrative agency's interpretation of its own rules and regulations.Celebrezze v. National Lime Stone Co. (1994), 68 Ohio St.3d 377,382; Swallow v. Industrial Comm. (1988), 36 Ohio St.3d 55,57.
Dr. Staubus testified that the director approved a range of acceptable levels of alcohol content in solutions. The director permitted others to test samples of the solution and finally to complete the approval process by inserting complying batch numbers into the blank on a pre-signed certificate of calibration. The Tenth Appellate District has decided a case where the defendant also argued that his BAG results should be suppressed because "the pre-1996 calibration solutions, including batch 95080, were not `approved,'" by the director but rather by a delegate. State v. Cooper (1997), 120 Ohio App.3d 284, 290. In Cooper, the court determined that the director may delegate his authority to his subordinates to approve calibration solutions.Id. at 290-91. We agree with our sister appellate court and hold that the director's delegation of the duty to insert tested batch numbers into the blanks on pre-signed calibration certificates constitutes substantial compliance with the pertinent rules and regulations. No prejudice is apparent as a result of this approval process.
Appellant next argues that his BAG results should be suppressed because the calibration solution used in the BAG machine which produced his results should never have been approved. due to a deficient alcohol content. Dr. Staubus testified that the informal standard in effect when batch 95080 was tested in May 1995 provided that the calibration solution should have an alcohol content that produces BAG results ranging between .0975 and .1025. Tests by state laboratories on four sample bottles of batch 95080 before certification produced the following results: .0955, .0962, .0955 and .0964. On February 27, 1996, a formal protocol was issued stating that the acceptable range is .095 to .105. Appellant's BAG results were produced from a test administered on March 31, 1996.
If appellant had been tested before February 27, 1996, then he may have a better argument. However, he was tested after the range was formally altered. As sworn to by appellant's own expert, the solution that was utilized to calibrate the machine which produced his results fell within the new range. Furthermore, the calibration certificate for batch 95080 which the state gave to appellant in discovery stated that this batch of solution will produce a reading of .100 plus or minus .005. It therefore appears that even in 1995 the official acceptable range was not .0975 to .1025 as Dr. Staubus testified, but rather was .095 to .105. Thus, appellant has presented no evidence in support of his argument that all BAG results produced by a machine calibrated with batch 95080 should be suppressed. Accordingly, appellants first assignment of error is overruled.
 III. ASSIGNMENT OF ERROR NO. TWO
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED IN SENTENCING THIS DEFENDANT-APPELLANT TO THREE CONSECUTIVE 18 MONTH TERMS FOR AGGRAVATED VEHICULAR ASSAULT WITH THE SPECIFICATION OF THE USE OF ALCOHOL, WHERE ALL OF THE ACTS COMPLAINED OF WERE COMMITTED IN THE SAME PLACE AND TIME AND EACH COUNT OF THE INDICTMENT IS IDENTICAL."
After appellant pled guilty to ten counts of aggravated vehicular assault under R.C. 2903.08(A), the trial judge sentenced appellant to eighteen months on three of the counts to run consecutively. Appellant argues that the judge was only permitted to sentence him on one count because the ten counts were allied offenses of similar import. In support of his contention, appellant cites R.C. 2941.25 which provides:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same of similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
The Supreme Court has held that an individual may be convicted and sentenced separately for each person killed as a result of a single instance of that individual's reckless operation of his vehicle. State v. Jones (1985), 18 Ohio St.3d 116, 118. In Jones, the defendant pled guilty to two counts of aggravated vehicular homicide, one count for each victim, and was given consecutive sentences on the counts. Id. at 116. The Court looked at the aggravated vehicular homicide statute, R.C. 2903.06 (A), which prohibits recklessly causing the death of another while operating a motor vehicle. Id. at 117-18. The Court then stated that the defendant's conduct of recklessly causing the death of two people with his car represented two offenses of dissimilar import pursuant to R.C. 2941.25(B); the import being each person killed.Id. at 118.
Similarly, the aggravated vehicular assault statute in the case at bar, R.C. 2903.08(A), prohibits recklessly causing serious physical harm to another while operating a motor vehicle. Under the Jones holding, it is clear that appellant can be convicted and sentenced on all ten counts of aggravated vehicular assault. As appellant pled guilty to all ten counts, he was fortunate to have only been sentenced on three of the counts. Accordingly, appellant's second assignment of error lacks merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
This court's order which stayed appellant's sentence is hereby vacated and set aside.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 ________________________________ JOSEPH J. VUKOVICH, JUDGE