OPINION
Appellant Tuscarawas County Child Support Enforcement Agency ("CSEA") brings a consolidated appeal, following post-decree decisions by the Tuscarawas County Court of Common Pleas in fifteen separate divorce and dissolution cases, regarding the collection of certain child support processing fees. The relevant facts leading to this appeal are as follows.
In each of the cases presently under appeal, a non-custodial parent is the obligor under a child support order. At various times, CSEA reviewed the status of each case and thereupon, either issued administrative findings or else pursued a contempt action against the obligor. In the cases involving administrative review, the administrative findings were submitted for review or adoption by the court. In the contempt actions, the cases were directly set for court review. Each contempt case was thereupon reviewed by a magistrate, leading to a decision as per Civ.R. 53.[1] The trial court thereafter substantially adopted the findings of the respective magistrate's decisions, in some cases despite Civ.R. 53 objections filed by CSEA. In all instances the trial court further ordered an additional monthly payment toward arrearages, but ultimately declared in each that CSEA could not collect processing fees on any support arrearage payments, including those attributable to prior unpaid processing fees. The trial court specifically utilized the following language in several of the cases:
 Thus, the Court finds that although the Revised Code gives the court and administrative agency authority to account for past due processing fees, neither the Revised Code nor the O.A.C. authorizes the collection of an additional processing fee on the past due processing fee. The Court finds that the law does not allow for cumulative processing fees to be charged upon past due support. The accumulation of processing fees could result in an unconscionable, exponential obligation for which there is no clear legislative intent and which this court will not endorse.
Judgment Entries, varying pagination.
CSEA timely appealed the fifteen judgment entries and herein raises the following sole Assignment of Error in each case:
 I. THE TRIAL COURT ERRED IN HOLDING THAT OHIO REVISED CODE SECTION 2301.35(G) DOES NOT AUTHORIZE THE IMPOSITION OF A TWO PERCENT (2%) PROCESSING CHARGE ON ARREARAGE PAYMENTS[.]
Appellant CSEA argues that the trial court erred in negating the imposition of statutory processing charges on monthly arrearage payments. We agree.
Former R.C. 2301.35(G) provided[2] the framework for the collection of child support processing fees as follows:
 (G)(1) A court or administrative agency that issues or modifies a support order shall impose a processing charge that is the greater of two per cent of the support payment to be collected under a support order or one dollar per month on the obligor under the support order. The obligor shall pay the amount with every current support payment, and with every payment on arrearages. No court or agency may call the charge a poundage fee.
Following its review of various provisions in the Ohio Revised Code and Ohio Administrative Code, the trial court found that it could not locate a definition of "arrearages" as used in 2301.35(G)(1). However, the court concluded that "[t]he obligor must pay the processing charge on the support, whether the support is paid on time (current) or paid late (past-due);" but that no authority exists for assessing a "second" processing fee on the support amount if paid past-due. Judgment Entries, varying pagination.
Courts are guided by the axiom that statutes should be construed to avoid unreasonable consequences. See State ex rel. Dispatch Printing v.Wells (1985), 18 Ohio St.3d 382, 384. The trial court's reading of R.C.2301.35(G)(1) effectively altered the second sentence from conjunctive to disjunctive; i.e., the phrase "and with every payment on arrearages" was essentially construed as "or with every payment on arrearages," (if not previously paid with current support.) Generally, "* * * we must presume the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result." State v. Virasayachack (2000),138 Ohio App.3d 570, 574. Additionally, the trial court effectively read "two per cent of the support payment" in the first sentence of R.C.2301.35(G)(1) as referring to a current support order only. In construing a statute, a court may not add or delete words. State ex rel. Sears,Roebuck Co. v. Indus. Comm. (1990), 52 Ohio St.3d 144, 148; State v.Hughes (1999), 86 Ohio St.3d 424, 427. As CSEA points out, the aforementioned second sentence of R.C. 2301.35(G)(1) was originally added to the statute, via amendment, on March 29, 1988. Although the second sentence has from its onset contained the phrase "current support," the General Assembly never chose to amend "support payment" or "support order" from the first sentence in like fashion. Indeed, at least one appellate court has held that a "child support order" includes an order requiring periodic payments for past-due support. See Treadway v. Ballew
(Oct. 7, 1998), Summit App. No. 18984, unreported.
Furthermore, at the time of the cases sub judice, the Ohio Department of Job and Family Services ("ODJFS") was statutorily charged in R.C.5101.325(B)(1)[3] with maintaining an account of unpaid processing fees for every child support obligor:
 (B)(1) The division [of child support in the department of job and family services] shall collect the charge imposed on the obligor under the support order pursuant to division (G)(1) of section 2301.35
of the Revised Code. If an obligor fails to pay the required amount with each current support payment due in increments specified under the support order, the division shall maintain a separate arrearage account of that amount for that obligor. * * *.
Reading R.C. 5101.325(B)(1) and R.C. 2301.35(G)(1) in pari materia, we cannot accept the trial court's restrictive interpretation of the collection of processing fees. An obligor who fails to pay current support remains statutorily liable for the corresponding accumulation of unpaid processing fees on said support; otherwise, the mandate of R.C.5101.325(B)(1) is superfluous. When the obligor later makes an arrearage payment, we find no basis to bar CSEA from assessing thereon a separate processing fee under R.C. 2301.35(G)(1). The purpose of a processing fee is to compensate officials for the risk of handling and disbursing money. See Granzow v. Bureau of Support (1990), 54 Ohio St.3d 35, 38. This risk is multiplied when a non-paying obligor forces CSEA to use its resources and personnel to keep a case open until the arrearage is exhausted, even if years after emancipation of the subject child.
Moreover, when interpreting statutes, courts "* * * must give due deference to an administrative interpretation formulated by an agency that has accumulated substantial expertise and to which the General Assembly has delegated the responsibility of implementing the legislative command." Swallow v. Indus. Comm. (1988), 36 Ohio St.3d 55, 57. In that vein, CSEA counsel indicated the following in response to an inquiry by the trial court judge:
 THE COURT: In the statute, now you actually accumulate a two percent-well, let me just turn the wheels back of time a little bit. When I was practicing law, we had a-when someone had an accumulated arrearage, we had, you know, my client would pay a current support payment plus the processing fee plus a certain amount due on the arrearage and there was not a two percent charge then on that. If it was like fifty dollars a month, there was not a two percent charged on that. What has changed to bring about this additional two percent? I'm assuming what you're saying now is that now we're allowed to charge two percent on that extra fifty dollars a month?
 MS. SCHURER: Actually, we've been allowed to do it since 1993, but this county chose not to do it. Their old computer system did not do it and they never changed over to actually show on their payment records that they would carry it so they've never actually charged it. Now that we are basically being-now that SETS is implemented and everything is centralized in Columbus, it necessitates all eighty-eight counties to be charging the same exact way so now all eighty-eight counties are charging two percent on your current and two percent on your arrearage payments just basically because you shall under the statute and that's the part that's keeping all eighty-eight counties uniform.
Tr., Cases DR 51203, 1984 DR 010032, DR 49710, 1994 T.C. 050228, at 4.
CSEA counsel's above statements comport with the language of R.C.5101.322(A) (presently recodified as R.C. 3125.07), which mandates that "[t]he [state] department of job and family services shall establish and maintain a statewide, automated data processing system * * * to support the enforcement of child support that shall be implemented in every county." We find the trial court failed to give proper deference to ODJFS's interpretation of 2301.35(G)(1), and in so doing put the Tuscarawas County CSEA in the untenable position of handling payments contrary to the General Assembly's intended uniform structure of the Support Enforcement Tracking System ("SETS"). See, also, Section 654, Title 42, U.S. Code: ("A State plan for child and spousal support must * * * provide that it shall be in effect in all political subdivisions of the State * * *.")
We therefore hold the trial court erred in disallowing the collection of statutory processing charges on monthly arrearage payments. CSEA's sole Assignment of Error in each case is sustained.
For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Court of Common Pleas of Tuscarawas County, Ohio, are reversed and remanded for further proceedings consistent with this opinion.
Pursuant to App.R. 24(A)(3), appellees shall pay costs equally in this matter.
Hon. W. Scott Gwin, J. Hon. John W. Wise, J. concurs. Hon. Julie A. Edwards, P. J. dissents.
[1] One of the "contempt" cases technically came before the trial court as a motion for imposition of sentence. Two others were arrearage determinations only.
[2] The statute in question was repealed effective March 22, 2001, after the decisions were rendered in the cases sub judice. Processing fees are presently addressed in R.C. 3119.27.
[3] The statute in question was also repealed effective March 22, 2001. But cf. R.C. 3121.58.