OPINION
{¶ 1} Plaintiff-appellant Union Local Association of Classroom Teachers (referred to as the Association) appeals the decision of the Belmont County Common Pleas Court granting defendants-appellees State of Ohio Board of Education (the State Board), Ohio Department of Education (the ODE) and Union Local School District Board of Education's (the School District) Motions to Dismiss. The issue in this appeal is whether the trial court erred in granting the motion to dismiss. For the reasons expressed below, the judgment of the trial court is affirmed.
 STATEMENT OF CASE {¶ 2} Every year a school district is required to submit a spending plan setting forth a schedule of expenses and expenditures for the current fiscal year. The plan also is to include a five-year projection of revenues and expenditures. Under R.C. 5705.391, the ODE is to examine the five-year projection and "determine whether any further fiscal analysis is needed to ascertain whether a district has the potential to incur a deficit during the first three years of the five-year period."
 {¶ 3} In October of 2003, the School District submitted its plan and five-year forecast. The five-year forecast projected a deficit in fiscal year 2005. The School District was notified that it was required to submit a plan addressing those deficits and that a failure to do so could result in the district being placed in a "fiscal caution" category. The School District took action resulting in the loss of employment for several teachers who were members of the Association.
 {¶ 4} In October 2004, the School District submitted its plan which covered the current 2005 fiscal year and its five-year forecast. The School District's forecast projected a deficit for fiscal year 2007. Accordingly, the School District was again notified that it needed to submit a proposal that would allow the School District to avoid this projected future deficit. It was also informed that failure to submit a plan would result in being placed in fiscal caution.
 {¶ 5} On October 24, 2005, the Association filed a complaint seeking declaratory judgment and injunctive relief against the State Board, the ODE and the School District. The complaint alleged three claims. First, the Association claimed *Page 3 
that the ODE and the State Board exceeded its statutory authority under R.C. 5705.391(B) when it required the School District to submit and implement a plan to eliminate a projected future deficit. Second, the Association claimed that ODE's Rule 3301-92-04, which orders that a plan be submitted, is in direct conflict with R.C. 5705.391. And finally, the complaint alleges that the State Board's superintendent could not declare a School District in fiscal caution for failing to submit a plan.
 {¶ 6} In response to this complaint, the State Board, the ODE, and the School District each moved to dismiss the complaint for failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6). On June 5, 2006, the trial court granted the motions to dismiss based upon the fact that these matters had already been presented to an arbitrator and that the instant action was merely an improper appeal of the Arbitrator's Decision. In coming to that conclusion, the trial court relied upon the Arbitrator's Decision which was attached to the School District's motion. The Association appeals that decision and raises three assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED WHEN IT CONSIDERED MATTERS OUTSIDE THE COMPLAINT IN RULING ON APPELLEE'S MOTION TO DISMISS."
 {¶ 8} The Association claims that the trial court improperly based its decision to dismiss the complaint upon the decision of the arbitrator. Appellees claim in response that even though the Arbitrator's Decision was outside the four corners of the pleadings, the trial court was allowed to take judicial notice of the Arbitrator's Decision.
 {¶ 9} Civ.R. 12(B)(6) provides that a trial court may grant a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." When ruling on a Civ.R. 12(B)(6) motion to dismiss, the court must presume the truth of all factual allegations in the complaint. Mitchell v. Lawson Milk Co. (1989), 40 Ohio St.3d 190, 193. Additionally, the court must draw all reasonable inferences in favor of the nonmoving party. Id. However, the trial court is not required to draw conclusions that are not suggested by the factual allegations. Id. The court may grant a motion to *Page 4 
dismiss only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle him to relief. Wilson v.Ohio (1995), 101 Ohio App.3d 487, 491. We review a dismissal under Civ.R. 12(B)(6) de novo. Hunt v. Marksman Pros. Div. of S/R Industries,Inc. (1995), 101 Ohio App.3d 760, 762.
 {¶ 10} In considering a Civ.R. 12(B)(6) motion to dismiss, a court is limited to the four corners of the complaint. Thompson v. Central OhioCellular, Inc. (1994), 93 Ohio App.3d 530. If the motion or the response relies upon matters outside of the complaint, the trial court must treat the motion to dismiss as a Civ.R. 56 motion for summary judgment.State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.
(1995), 72 Ohio St.3d 94, 96, citing State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548. If the court converts the motion to dismiss for failure to state a claim into a motion for summary judgment, the court must provide notice that it has done so to all parties at least fourteen days before the time fixed for the hearing. Petrey v. Simon (1983), 4 Ohio St.3d 154, paragraph two of the syllabus.
 {¶ 11} Here, the trial court relied upon an Arbitrator's Decision which was attached to the School District's Motion to Dismiss. Appellees' argue this was proper because the trial court may take judicial notice of "appropriate matters" in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. State ex rel.Neff v. Corrigan (1996), 75 Ohio St.3d 12, 16.
 {¶ 12} However, a trial court cannot take judicial notice of court proceedings in another case. Campbell v. Ohio Adult Parole Auth. (Oct. 28, 1997), 10th Dist. No. 97APE05-616, citing Woodman v. TubbsJones (1995), 103 Ohio App.3d 577, 580. Similarly, "a trial court may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved." First Michigan Bank andTrust Co. v. P. and S. Bldg. (Feb. 16, 1989), 4th Dist. No. 413. A trial court "may only take judicial notice of prior proceedings in the immediate case." In re Lodico, 5th Dist. No. 2003-CA-00446,2005-Ohio-172, at ¶ 94; First Michigan Bank, 4th Dist. No. 413. "The rationale for the rule that a trial court cannot take judicial notice of proceedings in a separate action is that the appellate court cannot review the propriety of the trial *Page 5 
court's reliance on such prior proceedings because that record is not before the appellate court." Campbell, 10th Dist. No. 97APE05-616, citing Deli Table, Inc. v. Great Lakes Mall (Dec. 31, 1996), 11th Dist. No. 95-L-012.
 {¶ 13} Here, the Arbitrator's Decision stemmed from another case and was therefore inappropriate for the trial court to consider. Even if the trial court was allowed to take judicial notice of the Arbitrator's Decision, it was not allowed to do so when ruling on a 12(B)(6) motion as the Arbitrator's Decision would constitute matters outside of the pleadings. Moreover, because the trial court did not provide notice to the parties, it was not allowed to convert the motion to dismiss into a motion for summary judgment. See Lansing v. Hybud Equip. Co., 5th Dist. No. 2002CA00112, 2002-Ohio-5869.
 {¶ 14} Accordingly, this assignment of error is meritorious. However, because this court reviews the granting of a Civ.R. 12(B)(6) motion to dismiss de novo, this court may still uphold the trial court's decision if there was some other appropriate basis for dismissal. As such, the remaining two assignments of error must be addressed to determine whether or not the Civ.R. 12(B)(6) motion was properly granted.
 SECOND ASSIGNMENT OF ERROR {¶ 15} "THE TRIAL COURT ERRED IN GRANTING THE SCHOOL DISTRICT'S MOTION TO DISMISS."
 {¶ 16} This assignment of error deals solely with the trial court's dismissal of the School District; it does not deal with the dismissal of claims against the ODE or the State Board. The Association claims that the trial court erred in granting the School District's motion to dismiss. The Association argues that the School District is a necessary party because the Association's complaint challenges the ODE's and the State Board's directions to the School District. Thus, the Association claims the School District has a legal interest in the action.
 {¶ 17} The School District counters that dismissal was proper arguing that it was either not a necessary party or that the Association failed to join necessary *Page 6 
parties. Essentially, the School District states that if it is a necessary party, so is every other school district in Ohio. In making this argument, the School District points to the allegations in the Association's complaint noting that the Association has failed to assert any wrongdoing on the part of the School District or request any relief with regards to the School District.
 {¶ 18} We agree that the Association has failed to state a claim against the School District. Although the School District acted by the reduction in force, it only did so based upon what it was ordered to do by the State Board. The complaint contains no direct claims against the School District. All claims are asserted against the State Board and the ODE, not the School District. Moreover, the School District has no authority to grant any of the relief requested. Thus, this assignment of error is meritless. Thus, the granting of the Civ.R. 12(B)(6) motion for the School District was not in error.
 THIRD ASSIGNMENT OF ERROR {¶ 19} "THE TRIAL COURT ERRED IN DISMISSING THE ASSOCIATION'S CLAIMS AGAINST THE STATE BOARD OF EDUCATION AND THE OHIO DEPARTMENT OF EDUCATION."
 {¶ 20} This assignment of error deals solely with the dismissal of the claims against the State Board and the ODE. For purposes of this assignment of error, the State Board and the ODE are addressed together and are referred to as State Appellees.
 {¶ 21} The Association's complaint alleged three claims against the State Appellees: 1) that it exceeded its statutory authority under R.C.5705.391(B) when it required the School District to submit and implement a plan to eliminate a projected future deficit; 2) that Ohio Adm. Code3301-92-04, which orders that a plan be submitted, is in direct conflict with R.C. 5705.391; and 3) the State Appellee's superintendent could not declare a School District in fiscal caution for failing to submit a plan. *Page 7 
 {¶ 22} The first two claims can be addressed together as they both allege that the State Appellees exceeded its authority by requiring the School District to do more than plan to avoid future deficits. The Association specifically claims that Ohio Adm. Code 3301-92-04 requiringa plan for future deficits be submitted, is in conflict with R.C.5705.391 requiring that a district with a projected future deficitbegin to plan. The general rule is that an administrative rule that conflicts with a valid, existing statute is invalid. Kelly v.Accountancy Bd. of Ohio (1993), 88 Ohio App.3d 453, 458. Thus, the Association is claiming that Ohio Adm. Code 3301-92-04 is invalid.
 {¶ 23} Ohio Adm. Code 3301-92-04(E) reads as follows:
 {¶ 24} "(E) A board of education notified under division (A) of section 5705.391 of the Revised Code shall submit a district approved written plan in a timely manner as required to the department of education to eliminate any current deficits and avoid the projected future deficits."
 {¶ 25} And, the relevant portions of R.C. 5705.391 provide:
 {¶ 26} "(A) No later than July 1, 1998, the department of education and the auditor of state shall jointly adopt rules requiring boards of education to submit five-year projections of operational revenues and expenditures. The rules shall provide for the auditor of state or the department to examine the five-year projections and to determine whether any further fiscal analysis is needed to ascertain whether a district has the potential to incur a deficit during the first three years of the five-year period.
 {¶ 27} "The auditor of state or the department may conduct any further audits or analyses necessary to assess any district's fiscal condition. If further audits or analyses are conducted by the auditor of state, the auditor of state shall notify the department of the district's fiscal condition, and the department shall immediately notify the district of any potential to incur a deficit in the current fiscal year or of any strong indications that a deficit will be incurred in either of the ensuing two years. If such audits or analyses are conducted by the department, the department shall immediately notify the district and the auditor of state of such potential deficit or strong indications thereof. *Page 8 
 {¶ 28} "A district notified under this section shall take immediate steps to eliminate any deficit in the current fiscal year and shall begin to plan to avoid the projected future deficits."
 {¶ 29} In support of its claim that the State Appellees acted lawfully because the two provisions are not in conflict, it cites toNorthwestern Ohio Bldg. Constr. Trades Council v. Conrad,92 Ohio St.3d 282, 2001-Ohio-190.
 {¶ 30} In that case, the Supreme Court was asked to decide whether an agency gave a permissible interpretation of an administrative rule. Concluding that it did, the Supreme Court explained:
 {¶ 31} "It is axiomatic that if a statute provides the authority for an administrative agency to perform a specified act, but does not provide the details by which the act should be performed, the agency is to perform the act in a reasonable manner based upon a reasonable construction of the statutory scheme. See Swallow v. Indus. Comm.
(1988), 36 Ohio St.3d 55, 57, 521 N.E.2d 778, 779. A court must give due deference to the agency's reasonable interpretation of the legislative scheme. Id. See, also, Chevron U.S.A., Inc. v. Natural Resources DefenseCouncil, Inc. (1984), 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694, 703 (`if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute').
 {{¶ 32} "* * *
 {{¶ 33} "Unlike the court of appeals, we do not find the legislative gap equivalent to a lack of authority for the agency to act. As the United States Supreme Court has noted, `[t]he power of an administrative agency to administer a * * * program necessarily requires theformulation of policy and the making of rules to fill any gap left,implicitly or explicitly,' by the legislature. (Emphasis added.)Morton v. Ruiz (1974), 415 U.S. 199, 231, 94 S.Ct. 1055, 1072, 39 L.Ed.2d 270, 292. Our own Swallow case implicitly recognized that no set of statutes and administrative rules will answer each and every administrative concern. Id., 36 Ohio St.3d 55, *Page 9 521 N.E.2d 778. When agencies promulgate and interpret rules to fill these gaps, as they must often do in order to function, `courts * * * must give due deference to an administrative interpretation formulated by an agency that has accumulated substantial expertise, and to which the General Assembly has delegated the responsibility of implementing the legislative command." Id. at 57, 521 N.E.2d at 779." Id. at 287, 289.
 {¶ 34} Here, the State Appellees argue that the rule does not conflict with the statute. Rather, it concludes that the rule merely ensures that districts are fulfilling their duty to plan and provides the State Appellees with a way to accurately assess the condition of a district's finances. It further argues that "[w]here a potential conflict exists between an administrative rule and a statute, an administrative rule is not inconsistent with a statute unless the rule contravenes or is in derogation of some express provision of the statute." In re MansfieldGen. Hosp. (1993), 90 Ohio App.3d 135, 142, citing Kelly,88 Ohio App.3d at 459, citing McAninch v. Crumbley (1981), 65 Ohio St.2d 31, 34.
 {¶ 35} Considering all the above law, we agree with the State Appellees; the rule does not conflict with the statute. Requiring the School District to submit a plan is not in direct conflict with the statutory requirement to begin to plan. Rather, we believe that requiring the School District to submit a plan is a way of implementing the requirement that they begin planning.
 {¶ 36} Furthermore, as the State Appellees argue, both R.C. 3301.07
and R.C. 3301.12 independently authorize the ODE to require plans. R.C.3301.07 states:
 {¶ 37} "(C) Administer and supervise the allocation and distribution of all state and federal funds for public school education under the provisions of law, and may prescribe such systems of accounting as are necessary and proper to this function. It may require county auditors and treasurers, boards of education, educational service center governing boards, treasurers of such boards, teachers, and other school officers and employees, or other public officers or employees, to file with it such reports as it may prescribe relating to such funds, or to the management and condition of such funds." *Page 10 
 {¶ 38} R.C. 3301.12 states:
 {¶ 39} "(2) The superintendent shall prescribe and require the preparation and filing of such financial and other reports from school districts, officers, and employees as are necessary or proper. The superintendent shall prescribe and require the installation by school districts of such standardized reporting forms and accounting procedures as are essential to the businesslike operations of the public schools of the state."
 {¶ 40} Considering all the above, we find that the State Appellees did in fact have the authority to require that the School District submit a plan to eliminate a projected future deficit. Consequently, the Association's claim that the State Board lacked authority to require the submission of a plan fails as a matter of law. Thus, the trial court did not err by dismissing the Association's first two claims; the Association has failed to state a valid claim against the State Appellees.
 {¶ 41} Next, we must address the Association's third and final claim that the State Appellees had no statutory authority to advise the School District that it would be placed in fiscal caution if it did not submit a plan. The Association's argument is that the only way a school district can be placed in fiscal caution is if the conditions in R.C.3316.031(B) or R.C. 3316.03(A)(4)(a) and (b) are met. It contends that the failure to submit a plan is not one of the conditions in those statutes.
 {¶ 42} R.C. 3316.031(B) provides two ways for a school district to be placed in fiscal caution. The first way is that if the state superintendent determines from a school district's five-year forecast submitted under R.C. 5705.391 "that a district is engaging in any of those practices or that any of those conditions exist within the district, after consulting with the district board of education concerning the practices or conditions, the state superintendent may declare the district to be under a fiscal caution." R.C. 3316.031(B)(1). See, also, R.C. 3316.031(B)(2). The practices and conditions that are referenced in these sections are "fiscal practices and budgetary conditions that, if uncorrected, could result in a future declaration of a fiscal watch or fiscal emergency within a school district." R.C.3316.031(A). The second way a *Page 11 
district can be placed in fiscal caution is found in R.C.3316.031(B)(3). This section stated that the state superintendent "shall declare a school district to be under a fiscal caution if the conditions described in" R.C. 3316.03(A)(4)(a) and (b) are both satisfied.
 {¶ 43} There is no allegation here that requirements in R.C.3316.03(A)(4)(a) and (b) are met. Rather, the State Appellees argue that the basis for telling the School District that it could be placed under a fiscal caution was pursuant to R.C. 3316.031(A) and (B), and that it promulgated appropriate guidelines to implement said statutory provision.
 {¶ 44} R.C. 3316.031(A) states that the state superintendent "shall develop guidelines for identifying fiscal practices and budgetary conditions that, if uncorrected, could result in a future declaration of a fiscal watch or fiscal emergency within a school district." As stated above, R.C. 3316.031(B) provides that if the state superintendent determines from the five-year forecast submitted under R.C. 5705.391
that the district is engaging in those practices or conditions as referenced in subsection (A), the state superintendent may place the school district in fiscal caution. The State Appellees also points to the guidelines which were attached to its Motion to Dismiss as authority to place the School District in fiscal caution. The guidelines allegedly declare that a school district can be placed in fiscal caution when it fails to submit an acceptable plan to address projected deficits.
 {¶ 45} The issue of whether the trial court could take judicial notice of the guidelines and base its decision to dismiss the complaint due to failure to state a claim on those guidelines does not need to be addressed. When considering R.C. 3316.031(A) and (B), R.C. 5705.391, and Ohio Adm. Code 3301-92-04(E) together, the inescapable conclusion is that the state superintendent has the discretion to place a school district in fiscal caution. As explained above, R.C. 3316.031(A) and (B) provide not only discretion in enumerating guidelines but in finding that a district has exhibited conditions or practices which may result in being placed in fiscal caution. R.C. 5705.391 requires the submission of five year projections of operational revenues and expenditures. When there is an indication of deficit in the plans, the *Page 12 
district is notified and it must take immediate steps to eliminate any deficit in the current fiscal year and shall begin to plan to avoid the projected future deficits. Ohio Adm. Code 3301-92-04(E) then states that if a school district is notified under R.C. 5705.391, it must submit a written plan showing steps to eliminate the deficits in a "timely manner."
 {¶ 46} In a nutshell, the above statutes provide that the state superintendent has the authority to make guidelines and may place a district in fiscal watch if it finds that the district's plan submitted pursuant to R.C. 5705.391 indicates that the district is engaging in "fiscal practices and budgetary conditions that, if uncorrected, could result in a future declaration of a fiscal watch or fiscal emergency within a school district." Since the state superintendent is a part of the State Appellees, his or her actions are the actions of the State Appellees. Section 4, Article VI, Ohio Constitution; R.C. 3301.13.
 {¶ 47} The statute is clear in its grant of discretion to State Appellees. The State Appellees' indication that if a plan was not submitted the district could be placed in fiscal caution was within the authority granted in R.C. 3316.031. The Association does not argue the statutes constitutionality. Thus, regardless of whether or not the trial court could consider the guidelines, the court could not grant the relief requested. If the Association does not like the statutes in question, their means of relief is through the legislature who could change the statute to limit the power of the State Appellees to place a district in fiscal caution. As we have previously stated, "It is the distinct function of the legislature to make laws and formulate public policy, and the function of the judiciary to interpret those laws."State v. Desper, 151 Ohio App.3d 208, 2002-Ohio-7176, ¶ 28. Consequently, the Civ.R. 12(B)(6) motion to dismiss was appropriately granted; based upon the Association's claim, the courts can offer no relief. Thus, the Association's third and final argument is without merit.
 {¶ 48} For the foregoing reasons, the judgment of the trial court is hereby affirmed. *Page 13 
DeGenaro, P.J., concurs and dissents in part; see concurring in part/dissenting in
part opinion. Waite, J., concurs.